# United States District Court, Northern District of Illinois

MHN

| Name of Assigned Judge or Magistrate Judge | CHARLES R. NORGLE | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 7630 | **DATE** | 1-4-11 |
| **CASE TITLE** | Anthony Porter v. City of Chicago, Illinois | | |

**DOCKET ENTRY TEXT:**

The petitioner is granted thirty days in which to: (1) either pay the $5.00 filing fee or file a petition for leave to proceed *in forma pauperis*; (2) submit an amended habeas petition (plus a judge's copy); and (3) show cause why the habeas petition should not be summarily dismissed on preliminary review as either successive or as seeking relief not cognizable under habeas corpus. The clerk is directed to send the petitioner an *in forma pauperis* application, an amended habeas form, and instructions. If the petitioner fails to comply with this order within thirty days, the court will summarily dismiss this action on preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

■ [For further details see text below.]

Docketing to mail notices.

## STATEMENT

Anthony Porter, a former Illinois state prisoner, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner appears to be challenging an already-vacated 1983 conviction.

Although the clerk has accepted the *pro se* petition for docketing pursuant to Rule 5(d)(4) of the Federal Rules of Civil Procedure, the petitioner has neither paid the $5.00 filing fee nor filed a petition for leave to proceed *in forma pauperis*. If the petitioner wishes to proceed with this action, he must either pay the $5.00 filing fee or, in the alternative, file a properly completed application for leave to proceed *in forma pauperis*.

The petitioner must also submit an amended habeas petition. Because the petitioner has not used the court's required form, the court does not have the basic information necessary to conduct a preliminary review under Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254.

The petitioner would also seem to have made a material misstatement in the petition on file: he indicates on the form that he has not filed a prior habeas action, but the court's docket does reflect a prior habeas petition, *Porter v. Pontiac Correctional Center*, Case No. 95 C 4111 (N.D. Ill.), which was dismissed by Minute Order of April 3, 1996 (Norgle, J.). Under the Antiterrorism and Effective Death Penalty Act of 1996, a habeas petitioner must obtain prior leave from the court of appeals before the district court can consider a second or **(CONTINUED)**

mjm

successive petition. *See* 28 U.S.C. § 2244(b)(3)(A). The court has no jurisdiction to consider a renewed application for habeas corpus relief under § 2254 unless the U.S. Court of Appeals pre-authorizes review. *See Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996); *In re Page*, 170 F.3d 659 (7th Cir. 1999).

Most importantly, the petitioner appears to be seeking relief in connection with a conviction that has already been overturned. Documents attached to the petition indicate that the petitioner was sentenced to death in 1983, but was released in 1999 after having served sixteen years on Death Row. Moreover, the IDOC's website does not reflect that the petitioner is currently a prisoner. If the petitioner is no longer "in custody"–or if the conviction has already been vacated–then he cannot seek review of his conviction under 28 U.S.C. § 2254. *See, e.g., Virsnieks v. Smith*, 521 F.3d 707, 717 (7th Cir. 2008).

If, instead, the petitioner is attempting to pursue a damages action against the City of Chicago and the Attorney General of the State of Illinois for wrongful conviction, then he must file a civil rights action rather than a habeas action. However, the plaintiff should bear in mind that the doctrine of *res judicata* would preclude the plaintiff from relitigating matters already decided. Under principles of *res judicata*, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Highway J Citizens Group v. United States Dept. of Transp.*, 456 F.3d 734, 741 (7th Cir. 2006) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)). The petitioner's exhibits include a newspaper article stating that the petitioner received compensation from the state, but that a jury rendered a verdict against him in a 2005 civil rights action. In view of the Illinois Supreme Court's recent denial of the petitioner's leave to appeal, this court suspects that the petitioner is simply trying to launch a second suit against the City, which he cannot do.

For all of the foregoing reasons, if the petitioner is "in custody" of some kind and is seeking review of a still-standing conviction, then he must: (1) either pay the $5.00 filing fee or file a petition for leave to proceed *in forma pauperis*; (2) submit an amended habeas petition (plus a judge's copy); and (3) show cause why the habeas petition should not be summarily dismissed on preliminary review as successive. If, instead, the petitioner is seeking monetary damages, then he should so advise the court. In that event, this case will be dismissed without prejudice to seeking any avenue of civil relief that may still be available.